# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ERNEST C. WILLIAMS, et al.,        )
                                   )
      Plaintiffs,                   )
                                   )
v.                                 )    No. 4:09-CV-211 FRB
                                   )
JUDITH SILVEY, et al.,             )
                                   )
      Defendants.                   )

## MEMORANDUM AND ORDER

      This matter is before the Court on the motion of Ernest Williams (registration no. 43551), an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $14.70. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

      Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C.

§ 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $73.50, and an average monthly balance of $34.20. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiffs Ernest Williams ("Williams") and Dorris Ellis Williams ("Ellis") are husband and wife. Plaintiffs bring this action under 42 U.S.C. § 1983 for alleged retaliation by prison officials at Potosi Correctional Center ("PCC"). Named as defendants are Judith Silvey (Correctional Officer), Sarah Whitener (same), Unknown Menteer (Sergeant), Eric Dunn (Correctional Case Worker), Kay Kline (Functional Unit Manager), Melody Haney (Functional Unit Manager, Acting Warden), Cindy Griffith (AAW), Fred Johnson (Deputy Warden), Don Roper (Warden), and Patricia Cornell (Deputy Division Director). Plaintiffs seek monetary and injunctive relief.

Plaintiffs allege that Ellis has been visiting Williams at PCC since 1999. Plaintiffs claim that Ellis has had a total left knee replacement, which causes her to sometimes have pain when she walks. Plaintiffs state that on January 19, 2008, after Ellis visited Williams, defendants Silvey and Whitener gave Williams a false conduct violation in retaliation for plaintiffs' use of the grievance process. Plaintiffs claim that Silvey had routinely harassed them during their visits and they had filed grievances to that effect.

Plaintiffs claim that on January 25, 2008, defendant Dunn held a hearing regarding the January 19 conduct violation. Plaintiffs allege that Dunn found Williams to be guilty of the conduct; plaintiffs say that Dunn sanctioned them to no contact visits for thirty days and gave Williams ten days in administrative segregation. Plaintiffs say that Dunn was acting in conjunction with Silvey. Plaintiffs claim that defendants Haney, Kline, and Johnson approved of Dunn's action.

Plaintiffs state that on April 4, 2008, Major Bowers initiated a new rule regarding the visiting area: that only visitors may use the vending machines and microwaves in the visiting area, with the

exception that prisoners whose visitors are disabled may use the vending machines and microwaves while their visitors remain seated.

On subsequent visits, sometimes Williams would be the one to use the vending machines and sometimes Ellis would be the one to do so, depending on whether Ellis's knee was bothering her. Plaintiffs claim that they were allowed to carry out their visits this way until May 18, 2008, when Silvey informed Ellis that she must be the one to use the vending machines because she had used them on her previous visit. On that day, Ellis was having pain in her knee. Plaintiffs claim that they talked to Menteer about the situation and that Menteer told them only one of them may use the vending machines. Plaintiffs allege that Menteer threatened to place plaintiff in administrative segregation for complaining about the situation.

Plaintiffs claim that Williams sent defendant Roper a letter regarding the situation but that Roper merely referred the letter to defendant Griffith, who did nothing to rectify the situation.

Plaintiffs claim that in August 2008 Silvey would not allow Ellis to use her cane in the visiting area, and Silvey made Ellis perform all of the visiting tasks, i.e., use the vending machines and microwaves.

**Discussion**

The complaint survives initial review as to defendants Silvey, Whitener, Menteer and Dunn. As a result, the Court will order these defendants to respond to the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that

injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Kline, Haney, Griffith, Johnson, Roper or Cornell were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Ernest Williams's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff Ernest Williams shall pay an initial filing fee of $14.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff Dorris Ellis Williams's motion to proceed in forma pauperis is **GRANTED**. [Doc. 5]

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Judith Silvey, Sarah Whitener, Unknown Menteer, and Eric Dunn.[1]

---

[1] These defendants are alleged to be employed at Potosi Correctional Center, a Missouri Department of Corrections facility.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Judith Silvey, Sarah Whitener, Unknown Menteer, and Eric Dunn shall reply to plaintiffs' claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Kline, Haney, Griffith, Johnson, Roper, and Cornell because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of March, 2009.