# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ERNEST C. WILLIAMS, et al., )
         Plaintiffs, )
    v. ) No. 4:09CV211 FRB
JUDITH SILVEY, et al., )
         Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Ernest Williams' motion for temporary restraining order. The motion will be denied.

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983 for alleged retaliation by prison officials at Potosi Correctional Center ("PCC"). Plaintiffs allege that defendants have given Ernest Williams false conduct violations in retaliation for his use of the grievance process. Ernest Williams now moves the Court for a temporary restraining order prohibiting prison officials from issuing conduct violations to him, holding disciplinary hearings, and imposing sanctions upon him pursuant to Missouri Department of Corrections' policies and rules.

To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). "A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). "The party seeking injunctive relief bears the burden of proving all the Dataphase factors." Id.

Plaintiff has failed to demonstrate a threat of irreparable harm. If he has, in fact, been subjected to false conduct violations in retaliation for having used the grievance process, then he may recover money damages pursuant to 42 U.S.C. § 1983, which is the purpose of this lawsuit. As a result, there is an adequate remedy at law, and injunctive relief is not warranted. See id. ("Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction.").

The other Dataphase factors also weigh against granting an injunction. The Court's interference in the day-to-day enforcement of prison rules and procedures would be an incredible hardship on the defendant prison officials. And the public has

an interest in the safe and efficient operation of prisons. For these reasons as well, the motion for temporary restraining order should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Ernest Williams' motion for temporary restraining order [#15] is **DENIED**.

Dated this 1st day of July, 2009.

FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE