# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ERNEST C. WILLIAMS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:09CV211 FRB |
| JUDITH SILVEY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for appointment of counsel. The motion will be denied.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

The factual and legal issues presented in this case are not complex. Plaintiffs are suing defendants Silvey and Whitener for retaliation. Plaintiffs claim that Silvey and Whitener initiated false disciplinary proceedings against plaintiff Ernest Williams in retaliation for both plaintiffs filing grievances about being mistreated in the visitation room. These allegations do not present a need for further investigation into the facts regarding the alleged retaliation; plaintiffs can present this claim after normal discovery. As a result, the Court determines that appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 26) is **DENIED**.

Dated this 28th day of June, 2010.

_/s/ Frederick R. Buckles_
FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE