UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNEST C. WILLIAMS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:09CV211 FRB |
| | ) |
| JUDITH SILVEY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the court is Plaintiffs' Motion To Withdraw Consent To A Magistrate Judge Hearing The Present Case, And For Said Case To Be Heard By A United States District Judge (Docket No. 70).

On February 5, 2009, this cause of action was filed pro se by plaintiffs Ernest C. Williams and Dorris Ellis Williams naming several defendants and asserting various claims against those defendants. The complaint asserts that Ernest and Dorris Williams are husband and wife. Upon the plaintiffs' complaint being filed it was randomly assigned to United States Magistrate Judge Frederick R. Buckles pursuant to Rule 2.08(A) of the Local Rules of the Eastern District of Missouri. Plaintiffs sought and eventually were granted leave to proceed in forma pauperis.

At the time of the filing of the complaint the plaintiffs were provided notice that the case had been randomly assigned to a United States Magistrate Judge and of their choice to consent to have the Magistrate Judge proceed to conduct all further matters in

the case or to elect to have the case randomly assigned to a United States District Judge.  On February 17, 2009, plaintiffs Ernest C. Williams and Dorris Ellis Williams each separately filed a signed written notice stating "In accordance with the provisions of Title 28, U.S.C. Sec. 636(c)(1), the undersigned party in the above-captioned civil matter hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial and entry of a final judgment, with direct review by the Eighth Circuit Court of Appeals if an appeal is filed."  (See Docket Entries dated February 17, 2009).

On March 25, 2009, the plaintiffs' claims against several defendants were dismissed on Order of Judge Charles A. Shaw upon a finding that plaintiffs' claims against those defendants were frivolous.  (See Docket Nos. 7 and 8).  On May 26, 2009, the remaining defendants Judith Silvey, Sarah Whitener, Unknown Menteer and Eric Dunn answered plaintiffs' complaint through counsel with a Motion To Dismiss plaintiffs' complaint.  On that same date each of those defendants also filed a written notice, through counsel, of their consent to have all further proceedings conducted by the assigned Magistrate Judge.

The case proceeded forward with various motions filed by the parties.  The motions were ruled by the Magistrate Judge.  See Docket Nos. 15, 18, 19, 22, 23, 24, 25, 30, 32 and 33.  On July 24, 2009, the Magistrate Judge entered an Order granting defendants'

Motion To Dismiss, accompanied by a Memorandum and Order. Plaintiffs' claims against all remaining defendants were dismissed. (See Docket Nos. 36 and 37). Plaintiffs appealed the Order of Dismissal, pro se. (See Docket No. 39). Plaintiffs sought leave to proceed on appeal in forma pauperis and their motion was granted by the Magistrate Judge (see Docket Nos. 42 and 44). On May 11, 2010, the Eighth Circuit Court of Appeals filed an Opinion and Judgment affirming in part the dismissal of plaintiffs' claims but reversing the order dismissing claims of retaliation against defendants Silvey and Whitener and remanding the case for further proceedings. (See Docket Nos. 59 and 60). Thereafter, on June 28, 2010, the Magistrate Judge ordered defendants Silvey and Whitener to answer plaintiffs' claims of retaliation.

On July 26, 2010, plaintiffs filed this pending motion. The plaintiffs thereafter continued to file various (non-dispositive) motions which were ruled by the Magistrate Judge pursuant to authority granted by the District Court pursuant to 28 U.S.C. § 636(b) and Rule 2.08, Local Rules of the Eastern District of Missouri (See Docket Entry dated February 5, 2009).

As their grounds to revoke their consent previously given for this cause to proceed before the Magistrate Judge for all proceedings the plaintiffs state in their motion as follows:

> 1. Plaintiffs has been (sic) and are proceeding 'pro se' in the above named case without the aid and assistance of a lawyer.
>
> 2. As 'pro se' litigants, the Plaintiffs did not understand the procedures

regarding consenting to the hearing of their case by a magistrate judge.

    3.    That if the 'Pro se' plaintiffs had been properly imformed (sic) of the procedures plaintiffs' consent to a magistrate judge hearing this case would not been given (sic) here.

    4.    Plaintiffs assert that pursuant to the laws the current case is filed under plaintiffs are entitled to have said case heard by a United States District Judge and in the interest of justice the 'Pro se' plaintiffs should not be deprived of this entitlement because of plaintiffs' lack of understanding the procedures.

28 U.S.C. § 636(c)(1) provides that,

> Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

Such authority was conferred upon the Magistrate Judge in this case by operation of the Local Rules of this Court. <u>See</u> Local Rule 2.08(A). 28 U.S.C. § 636(c)(4) provides that,

> The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.

There is no absolute right to withdraw consent to proceed before a Magistrate Judge in a civil case once such consent is given. <u>Dixon</u>

v. YLST, 990 F.2d 478, 480 (9th Cir. 1993). Rather, a party must show "extraordinary circumstances" for such withdrawal as required by 28 U.S.C. § 636(c)(4). Id. See also, Carter v. Sea Land Services, Inc., 816 F.2d 1018, 1020-21 (5th Cir. 1987). The sole ground asserted by plaintiffs for withdrawal of their previously given consent is their pro se status, claiming that they did not "understand the procedures" regarding consent and that if they had been so aware they would not have given such consent.

A review of the pleadings in this case belies plaintiffs' assertion that they are unsophisticated in their knowledge of the law and of the Federal Rules of Civil Procedure. The plaintiffs have been well able to familiarize themselves with the law and procedure to permit them to ably prosecute this case. Plaintiffs appealed, and prevailed on appeal, regarding adverse rulings made by the court in this case. Of particular note is the fact that plaintiff Ernest C. Williams has filed numerous cases in this court preceding the filing of the instant case. See Williams v. Correctional Medical Systems, et al., 4:95CV848 FRB; Williams v. Smith, et al., 4:06CV794 SNL; Williams v. Larkins, 4:06CV1069 TCM. Two of those cases were randomly assigned to Magistrate Judges upon filing. Ernest Williams subsequently consented to have the Magistrate Judge assigned in each case conduct all proceedings in the case and each case proceeded to judgement before the assigned Magistrate Judge.

In such circumstances the plaintiffs' claim here, that they did not in this case understand the significance of the giving

of consent to proceed before the Magistrate Judge, rings hollow. Plaintiffs' claim of legal ignorance as grounds for their motion simply is not credible. It is just as likely that the motion was prompted by the Magistrate Judge's earlier adverse rulings in the case. This is not grounds upon which to grant the motion to withdraw consent. Carter v. Sea Land Services, Inc., 816 F.2d at 1020-21; Kilgo v. Ricks, 983 F.2d 189, 194 (11th Cir. 1993) (prior adverse but erroneous rulings not grounds to order case reassigned to another judge upon remand).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion To Withdraw Consent To A Magistrate Judge Hearing The Present Case, And For Said Case To Be Heard By A United States District Judge (Docket No. 70) is denied.

_____
CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2012.