UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ERNEST C. WILLIAMS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **V.** ) | Case No. 4:09CV211NCC |
| ) | |
| **JUDITH SILVEY, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Before the court is Plaintiffs' Motion to Refund Partial Appellate Filing Fees and Stop Future Installment Payments.  (Doc. 131.)  By Order dated September 22, 2009, this court granted Plaintiffs leave to proceed in forma pauperis (IFP) on appeal.  (Doc. 44.)  On appeal, Plaintiffs were successful as to the dismissal of Defendants Judith Silvey and Sarah Whitener, and the matter was remanded to the district court.  Plaintiffs failed to timely move to assess costs against the reinstated Defendants.  Plaintiffs now ask this court to excuse their failure, order any partial filing fee that has been paid be refunded to Mr. Williams, and order the Clerk of Court to stop the collection of future appellate filing fee that has been assessed but remains uncollected from Mr. Williams's inmate account.  This matter is governed by the Federal Rules of Appellate Procedure and, after careful consideration, Plaintiffs' Motion will be denied.

Rule 39(a) of the Federal Rules of Appellate Procedure sets forth four distinct categories of cases in which appellate costs will be awarded, with different directions for the taxation of costs.  The four categories are:  (1) dismissed appeals; (2) affirmed judgments; (3) reversed judgments; and (4) judgments affirmed in part, reversed in part, modified or vacated.

The appeal in this cause resulted in the judgment of this court being affirmed in part and reversed in part. As such, the Plaintiffs' claims are governed by Fed. R. App. P. 39(a)(4), which provides that "costs are taxed only as the court orders." "In such situations, Rule 39 has no default rule with respect to whether costs are taxed against the appellant or appellee; the appellate court must specify whether one party or the other, or both, are entitled to costs, and if so, what costs." Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp., 497 F.3d 805, 808 (8th Cir. 2007). Where Fed. R. App. P. 39(a)(4) applies, "none of the costs listed as taxable under Rule 39(e) are recoverable in the district court unless the appellate court so indicates." Sellers v. Peters, 4:97CV2260, 2008 WL 1766585, at *2 (E.D.Mo. April 14, 2008).

Thus, Rule 39(e) limits the costs taxable in the district court to those a party is "entitled to . . . under this rule." When read together, the provisions of subdivisions (a)(4) and (e) of Rule 39 indicate the costs listed as taxable in the district court are subject to the appellate court so "order[ing]" them to be recoverable under Rule 39(a)(4) in cases where a judgment is affirmed in part, reversed in part, modified, or vacated.

In order "to secure the costs mentioned in Rule 39(e), the prevailing party must make a separate application to the district court *after* the mandate has been received from the court of appeals." St. John's Mercy Med. Ctr. V. Delfino, 4:02CV01527, 2006 WL 5363180, at *2 (E.D.Mo. March 29, 2006) (quoting Sudouest Import Sales Corp. v. Union Carbide Corp., 102 F.R.D. 264, 264-65 (D.C.P.R. 1984)). The Eastern District local rules provide that the prevailing party must file a bill of costs within twenty-one days after the Eighth Circuit issues its mandate. E.D.Mo. L.R. 54-8.03(B).

Because Plaintiffs never brought a motion for costs in the Eighth Circuit, no such order was ever entered to trigger a right to recover any Rule 39(e) costs in this court. As such, this

court is without jurisdiction to grant Plaintiffs' Motion, which is properly filed in the appellate court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Refund Partial Appellate Filing Fees and Stop Future Installment Payments (Doc. 131) is **DENIED** without prejudice.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of January, 2014.